## ORAL ARGUMENT NOT YET SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, et al., <br><br> Petitioners, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> )  Case No. 12-1376 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION TO GOVERN FUTURE PROCEEDINGS

The American Petroleum Institute, the American Fuel & Petrochemical Manufacturers, the National Association of Manufacturers, and the National Oilseed Processors Association ("Petitioners") move to keep this case in abeyance until 30 days following issuance of this Court's mandate in *Coalition for Responsible Regulation*, 684 F.3d 102, 116 (D.C. Cir. 2012), in light of the U.S. Supreme Court's decision in *Utility Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014). As described more fully below, continuing to hold this case in abeyance would promote judicial efficiency, conserve resources, and avoid unnecessary litigation. *See Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (per

curiam) (finding cause for abeyance when other pending proceedings may affect the outcome of the case).  Counsel for Petitioners have contacted counsel for the other parties.  Counsel for Respondent indicated that Respondent takes no position with regard to Petitioners' description of the Supreme Court's decision in *Utility Air Regulatory Group v. EPA* or the ramifications thereof, but has no objection to the relief sought in this motion.  Counsel for Intervenor-respondents indicated that Intervenor-respondents take no position on this motion, including any characterization it includes of the underlying rule or the Supreme Court's decision in *Utility Air Regulatory Group v. EPA*.

1.    The instant case is a petition for review of Respondents' "Prevention of Significant Deterioration and Title V Greenhouse Gas Tailoring Rule Step 3 and GHG Plantwide Applicability Limits" (hereinafter, "Tailoring Step 3 Rule").  *See* 77 Fed. Reg. 41,051 (July 12, 2012).

2.    As connoted by its title, the Tailoring Step 3 Rule is the third in a series of steps taken by Respondents concerning the regulation of emissions of greenhouse gases from stationary sources under the Title I, Part C, and Title V of the Clean Air Act.  The first two steps were embodied in "Prevention of Significant Deterioration and Title V Greenhouse Gas Tailoring Rule" (hereinafter, "Tailoring Rule").  *See* 75 Fed. Reg. 31,514 (June 3, 2010).

2

3.      The Tailoring Rule was challenged by Petitioners, among others, in Case No. 10-1218.  That case was consolidated with other challenges to the Tailoring Rule and another related rule under Case No. 10-1073.  Ultimately, those consolidated cases, along with others, were decided together in one panel opinion under Case No. 09-1322.  S*ee Coalition for Responsible Regulation*, 684 F.3d 102, 116 (D.C. Cir. 2012).

4.      Petitioners, along with others, filed a Petition for Rehearing En Banc in *Coalition for Responsible Regulation* on August 10, 2012.  *See* Doc #1388641.  Other such petitions for rehearing and rehearing en banc were also filed.  Petitioners and Respondents thus jointly moved the Court to place the instant case into abeyance pending the disposition of such petitions; that motion was granted, and the instant case was placed into abeyance on October 9, 2012.  Doc # 1398748.

5.      On December 20, 2012, the petitions for rehearing and for rehearing en banc in *Coalition for Responsible Regulation* were denied.  *See, e.g.,* Doc # 1411145.  On January 28, 2013, this Court issued an order in the instant case setting a deadline of February 27, 2013 for motions to govern future proceedings.  Doc #1417580.

6.      On February 13, 2013, Petitioners and Respondents filed an unopposed joint motion to govern future proceedings requesting that this Court place the case in abeyance pending final disposition of *Coalition for Responsible*

*Regulation* in the Supreme Court given that petitions for a writ of certiorari were likely to be filed.  Doc. # 1420386.  Subsequently, many petitions for a writ of certiorari were filed, and six were granted.  The motion in the instant case was then granted and the case was placed in abeyance on May 10, 2013.  Doc. # 1435675.  The Parties were ordered to file motions to govern future proceedings "within 30 days of the disposition of the Supreme Court of the United States of No. 12-1146, Utility Air Regulatory Group v. EPA."  *Id.*

7.     On June 23, 2014, the Supreme Court reversed in part the decision in *Coalition for Responsible Regulation*.  The Supreme Court specifically rejected that part of this Court's decision holding that stationary sources were automatically subject to PSD permitting based on regulation of greenhouse gases under Title II of the Clean Air Act.

8.     By reversing in part the decision in *Coalition for Responsible Regulation*, *Utility Air Regulatory Group* may directly impact future proceedings in this case because the Tailoring Step 3 Rule derives directly from the Tailoring Rule.[1]

---

[1] Although the Tailoring Step 3 Rule is described by EPA as a form of regulatory relief, it nonetheless is premised on the approach and regime in the Tailoring Rule itself, and it creates some provisions that appear directly inconsistent with the Supreme Court's decision in *Utility Air Regulatory Group.*  For example, the Rule inserted into the Code of Federal Regulations a definition of "[Greenhouse Gas]-Only Source," 40 C.F.R. § 52.21(aa)(2)(xii), that would only be relevant if

9.      Keeping this case in abeyance is warranted to permit the parties to consider the Supreme Court's opinion and its effect both in *Coalition for Responsible Regulation* and in the instant case.  Indeed, because EPA has not yet indicated how it will respond to the opinion in *Utility Air Regulatory Group*, it is not clear whether and which of the issues in this case will remain in controversy, and it may not become clear until the Court has reached a final disposition in *Coalition for Responsible Regulation*.  Continuing to hold this case in abeyance until 30 days the mandate is issued in *Coalition for Responsible Regulation* will allow the parties to clarify the issues for resolution and avoid unnecessary waste of the parties' and the Court's resources.

10.      Petitioners are *not* taking a position at this time as to what, if any, action the Court or EPA should take with respect to the Tailoring Step 3 Rule. They only assert that future proceedings in *Coalition for Responsible Regulation* will be germane to the ultimate disposition of the Tailoring Step 3 Rule, and therefore this case should remain in abeyance.

## CONCLUSION

For the reasons set forth above, Petitioners respectfully request that this case continue to be held in abeyance and that motions to govern future proceedings be due 30 days after issuance of the mandate in *Coalition for Responsible Regulation*.

---

greenhouse gas emissions alone could trigger permitting requirements.  In light of *Utility Air Regulatory Group*, they cannot.

Dated:  July 23, 2014

Respectfully submitted,

<u>/s/ Timothy K. Webster</u>
Roger R. Martella, Jr.
Timothy K. Webster
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000

*Counsel for Petitioners*

*Of Counsel:*

Harry M. Ng
Vice President, General Counsel
& Corporate Secretary
Evelyn R. Nackman, Counsel
AMERICAN PETROLEUM
INSTITUTE
1220 L Street, NW
Washington, DC  20005-4070
(202) 682-8248

Quentin Riegel
Vice President, Litigation & Deputy
General Counsel
NATIONAL ASSOCIATION OF
MANUFACTURERS
733 10th Street, NW, Suite 700
Washington, DC  20001
(202) 637-3058

Richard Moskowitz
General Counsel
AMERICAN FUEL &
PETROCHEMICAL
MANUFACTURERS
1667 K Street NW, Suite 700
Washington, DC 20006
(202) 457-0480

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Joint Motion to Govern Future

Proceedings was served on all registered counsel in these consolidated cases via

the Court's CM/ECF system.


Dated:  July 23, 2014                          /s/ Timothy K. Webster
                                               Timothy K. Webster