**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, et al., ) ) Petitioners, ) ) v. ) ) U.S. ENVIRONMENTAL PROTECTION ) AGENCY, et al., ) ) Respondents. ) | Case No. 12-1376 |

**MOTION TO GOVERN FUTURE PROCEEDINGS**

The American Petroleum Institute, the American Fuel & Petrochemical Manufacturers, the National Association of Manufacturers, and the National Oilseed Processors Association ("Petitioners") move to keep this case in abeyance until 30 days after final resolution of any further proceedings in *Coalition for Responsible Regulation v. EPA*, D.C. Cir. Case No. 09-1322 ("*CRR*"), defined as the later of either (i) the expiration of time for the parties in *CRR* to file petitions for writ of certiorari in the Supreme Court; or (ii) final judicial resolution of any such petition. As described more fully below, continuing to hold this case in abeyance would promote judicial efficiency, conserve resources, and avoid

unnecessary litigation. *See Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (per curiam) (finding cause for abeyance when other pending proceedings may affect the outcome of the case). Counsel for Petitioners have contacted counsel for the other parties. Counsel for Respondents indicated that Respondents take no position on the relief sough in this motion, or with regard to Petitioners' description of the Supreme Court's decision in *Utility Air Regulatory Group v. EPA* or the ramifications thereof. Counsel for Intervenor-respondents did not respond by the time of this filing.

1. The instant case is a petition for review of Respondents' "Prevention of Significant Deterioration and Title V Greenhouse Gas Tailoring Rule Step 3 and GHG Plantwide Applicability Limits" (hereinafter, "Tailoring Step 3 Rule"). *See* 77 Fed. Reg. 41,051 (July 12, 2012).

2. As connoted by its title, the Tailoring Step 3 Rule is the third in a series of steps taken by Respondents concerning the regulation of emissions of greenhouse gases from stationary sources under the Title I, Part C, and Title V of the Clean Air Act. The first two steps were embodied in "Prevention of Significant Deterioration ["PSD"] and Title V Greenhouse Gas Tailoring Rule" (hereinafter, "Tailoring Rule"). *See* 75 Fed. Reg. 31,514 (June 3, 2010).

3. The Tailoring Rule was challenged by Petitioners, among others, in Case No. 10-1218. That case was consolidated with other challenges to the

2

Tailoring Rule and another related rule under Case No. 10-1073.  Ultimately, those consolidated cases, along with others, were decided together in one panel opinion under Case No. 09-1322.  S*ee CRR*, 684 F.3d 102, 116 (D.C. Cir. 2012).

4. Subsequent to the Courts' decision in *CRR* in 2012, the instant case was placed in abeyance, *see* Doc # 1398748, and that abeyance has been continued several times, *see, e.g.,* Doc. # 1554563.

5. On June 23, 2014, the Supreme Court reversed in part the decision in *CRR*.  *Utility Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014) ("*UARG*").  The Supreme Court specifically rejected that part of this Court's decision in *CRR* holding that stationary sources were automatically subject to PSD permitting based on regulation of greenhouse gases under Title II of the Clean Air Act.

6. On April 10, 2015, this Court issued an amended judgment in *CRR*.  Doc. # 1546840.  The amended judgment ordered EPA to vacate certain portions of the Tailoring Rule.  First, the Court vacated provisions requiring a source to obtain a PSD or Title V permit based solely on GHG emissions.  Second, the Court ordered that "the regulations under review (in particular 40 C.F.R. § 52.22 and 40 C.F.R. §§ 70.12, 71.13) be vacated to the extent they require EPA to consider further phasing-in the requirements identified … above, at lower greenhouse gas emission thresholds."  Significantly, those are the same provisions EPA relied on in issuing the Tailoring Step 3 Rule.  On August 19, 2015, EPA issued a final rule

3

that removed some portions of the Tailoring Rule from the Code of Federal Regulations. 80 Fed. Reg. 50199. EPA also explained that it "intends to further revise the PSD and Title V regulations to fully implement the *Coalition* Amended Judgment in a separate rulemaking." *Id.* at 50200. The Court also ordered EPA to undertake additional revisions as appropriate in light of the Supreme Court's decision in *UARG*. The Court issued its mandate to EPA on April 10, 2015.

7. On May 11, 2015, Petitioners filed a motion to govern future proceedings requesting that the Court keep this case in abeyance until 30 days after final resolution of any further proceedings in *CRR*. Doc. # 1551957. On May 28, 2015, the Court granted that motion and ordered the parties to file motions to govern "within 30 days of this court's disposition of the petition for rehearing and rehearing en en banc" in *CRR*. Doc. # 1554565.

8. On May 27, 2015, several petitioners in *CRR* filed a petition for rehearing and rehearing en banc of this Court's Amended Judgment in *CRR*. Doc. # 1554365. That petition was denied by this Court on August 7, 2015. Doc. # 1566904. As a result, the parties to this case are required to file Motions to Govern Future Proceedings by September 8, 2015.

9. Further proceedings may occur in *CRR* that may be relevant to the instant case. For example, any petition for writ of certiorari would be due November 5, 2015. *See* S. Ct. R. 13.

4

10. Final resolution of *CRR* is needed before Petitioners can evaluate fully the effects of *CRR* and *UARG* on this case. Once it is clear that all proceedings in *CRR* have been completed, it will then be possible to determine whether and which of the issues in this case will remain in controversy. Continuing to hold this case in abeyance until 30 days after final resolution of *CRR* will allow the parties to clarify the issues for resolution and avoid unnecessary waste of the parties' and the Court's resources.

11. Petitioners are *not* taking a position at this time as to what, if any, action the Court or EPA should take with respect to the Tailoring Step 3 Rule. They only assert that future proceedings in *CRR* will be germane to the ultimate disposition of the Tailoring Step 3 Rule, and therefore this case should remain in abeyance.

## CONCLUSION

For the reasons set forth above, Petitioners respectfully request that the Court hold the present cases in abeyance until 30 days after final resolution of *CRR*, defined as the later of either (i) the expiration of time for the parties in *CRR* to file petitions for writ of certiorari in the Supreme Court; or (ii) final judicial resolution of any such petition.

Dated: September 8, 2015

Respectfully submitted,

/s/ Timothy K. Webster
Roger R. Martella, Jr.
Timothy K. Webster
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

*Counsel for Petitioners*

*Of Counsel:*

Stacy Linden
Vice President, General Counsel
& Corporate Secretary
John Wagner, Counsel
AMERICAN PETROLEUM
INSTITUTE
1220 L Street, NW
Washington, DC 20005-4070
(202) 682-8248

Quentin Riegel
Vice President, Litigation & Deputy
General Counsel
NATIONAL ASSOCIATION OF
MANUFACTURERS
733 10th Street, NW, Suite 700
Washington, DC 20001
(202) 637-3058

Richard Moskowitz
General Counsel
AMERICAN FUEL &
PETROCHEMICAL
MANUFACTURERS
1667 K Street NW, Suite 700
Washington, DC 20006(202) 457-0480

6

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Govern Future Proceedings was served on all registered counsel in these consolidated cases via the Court's CM/ECF system.


Dated:  September 8, 2015					/s/ Timothy K. Webster
								Timothy K. Webster